[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12947
Non-Argument Calendar

_____

D.C. Docket No. 6:16-cr-00231-RBD-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 14, 2019)

Before MARCUS, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Benjamin Jenkins appeals his conviction for possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Jenkins was also convicted of distributing and possessing cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a), and use of a communication facility to facilitate distribution and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 843(b).  On appeal, Jenkins argues that the evidence presented at trial was insufficient to show that he possessed a firearm in furtherance of a drug-trafficking crime because he legally owned the firearm at issue for personal protection reasons.  After careful review, we affirm.

We review de novo challenges to the sufficiency of the evidence supporting a criminal conviction.  United States v. Wilchcombe, 838 F.3d 1179, 1188 (11th Cir. 2016).  "The evidence, viewed in the light most favorable to the government, must be such that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt."  Id. (quotation omitted).  We will not reverse "unless no reasonable trier of fact could find guilt beyond a reasonable doubt."  United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010).  Credibility questions are reserved for the jury, and we will assume that the jury answered them all in a manner that supports the jury's verdict.  Wilchcombe, 838 F.3d at 1188.  When a defendant chooses to testify, the jury may disbelieve his statements, believe the opposite of his statements, and consider his statements as evidence that he is guilty of the crime.  United States v. Brenda Williams, 390 F.3d 1319, 1325 26 (11th Cir. 2004).

To prove an offense under § 924(c)(1)(A), the government must establish that the defendant: (1) knowingly (2) possessed a firearm, (3) in furtherance of any drug trafficking crime.  United States v. Michael Williams, 731 F.3d 1222, 1232 (11th Cir. 2013).  A defendant possesses a firearm "in furtherance of" a drug trafficking crime if "the firearm helped, furthered, promoted, or advanced the drug trafficking."  Id. (quotation omitted).  However, the presence of the firearm within the defendant's control during the drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction.  Id.  The following factors are relevant in determining if the government established the "in furtherance" element: (1) type of drug activity being conducted, (2) accessibility of firearm, (3) type of firearm, (4) whether the defendant legally owns the firearm, (5) whether the firearm is loaded, (6) how close the firearm is to drugs or drug profits, and (7) how the firearm was found.  Id.  In United States v. Molina, 443 F.3d 824 (11th Cir. 2006), we concluded that there was sufficient evidence to show a nexus between a firearm and a drug trafficking crime under § 924(c)(1)(A) when there was a firearm in close proximity to drugs and a large amount of money, the firearm was easily accessible, and the government presented evidence that drug traffickers used firearms to protect drugs and drug proceeds.  Id. at 830.

Here, the district court did not err in denying Jenkins's motion for judgment of acquittal on sufficiency of the evidence grounds.  According to the evidence

3

introduced at trial, Jenkins had held the gun on his lap during the entirety of a cocaine transaction, the gun was in close proximity to the cocaine and its proceeds during the transaction, and drug traffickers use firearms to protect drugs and drug proceeds. Michael Williams, 731 F.3d at 1232; Molina, 443 F.3d at 830. Further, the jury could believe the opposite of Jenkins's statements that the gun was not used in connection to his drug activities because he chose to testify on his own behalf. See Brenda Williams, 390 F.3d at 1325 26. As for Jenkins' claim that the testimony of a criminal informant, Crystal Bass, was not credible, we disagree. We assume credibility determinations support the verdict, there is a recording of the cocaine transaction in which Bass said that Jenkins had a gun on his lap, and Jenkins admitted that he moved the gun so that Bass could enter the car for the cocaine transaction. See Wilchcombe, 838 F.3d at 1188. Moreover, Bass testified that the presence of the firearm made her feel nervous and fearful, which refutes Jenkins's statement on appeal that Bass never felt fear or intimidation. On this record, a reasonable factfinder could conclude that Jenkins possessed the firearm in furtherance of a drug crime, and we affirm.

**AFFIRMED**.

4